UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| v. | : Crim. No. 21-360(DLF) |
| BRITTIANY DILLON | : |
| Defendant | : |

**SUPPLEMENTAL SENTENCING MEMORANDUM**

Comes Now, Brittiany Dillon, by and through counsel, Thomas Abbenante, who respectfully submits this supplemental sentencing memorandum.

**DEFENDANT'S TEXT MESSAGES**

As stated in the initial memorandum, defendant's text messages as outlined in the government's memorandum accurately set forth the interaction between Ms. Dillon and the other rioter. Ms. Dillon met him through her father who was introduced to him by fellow church members. He immediately latched on to Ms. Dillon and her father when he found out that they attended rallies that supported then President Trump. It is clear from the messages that he and Ms. Dillon were upset with the election results as many other citizens were. The messages embraced the idea that the election was stolen from President Trump and many other positions and fears that were fueled by misinformation and conspiracy theories. It is counsel's understanding that Ms. Dillon's father was interviewed by the FBI and he fully cooperated with the agents. All of the text messages between Ms. Dillon, her father and the other rioter have been

reviewed and no additional charges were filed against Ms. Dillon and none were filed against her father. The messages reflect many of the beliefs of Ms. Dillon at the time. However, as stated in the government's memo, Ms. Dillon did not participate in any violence nor did she espouse violence or property destruction on January 6th. After her arrest and the arrest of her fellow rioter, Ms. Dillon has not had any contact with him. During her interview, Ms. Dillon did state that she only supported violence in extreme circumstances. However, in light of all the circumstances in this case, counsel submits that it does not indicate that she has not accepted responsibility. Her statement to the probation officer that she did not anticipate the attention she has received and the stress that it has caused her does not undercut her total admission to the statement of facts and her statement that this type of activity would never happen again. Ms. Dillon tried to reach a plea agreement immediately. Once one was finally offered in this case, she accepted it. She has cooperated fully.

## SENTENCING FACTORS UNDER 18 U.S.C. SECTION 3553(a)

Ms. Dillon has no prior criminal record. She did not go to the rally thinking that she would end up trying to force her way into the Capitol building. She is currently the caretaker for her husband's 64 year old disabled uncle and his 90 year old grandfather.   Both reside with them along with their daughter. She is also assisting her sister-in-law with the care of her autistic child. She brings him to school, picks him up and cares for him until his mother returns from work. She has no history of drug or alcohol abuse. She is in good health and very capable performing community service. She has been looking for part-time work but has

been unable to find any at this time. Her conduct on January 6th, while admittedly unlawful, was not as bad as others, many of whom were charged with felonies. As the probation reports sets forth, she has had many health and personal issues but she has overcome them.

In determining the appropriate sentence, the Court should look at similar cases to avoid any sentencing disparity. A probationary term is sufficient, but not greater than necessary, to satisfy the purposes of sentencing. Ms. Dillon submits that the government, in its joint request for a probationary disposition, agrees that it would be sufficient to deter any future crimes. A case that counsel found that is similar is *United States v. Jessica Bustle* , Criminal No. 21-cr-238(TFH). In that case, Mr. Romano recommended the same sentence he recommended in this case. Ms. Bustle used language very similar to Ms. Dillon before and after she entered the Capitol. She and her husband entered the Capitol, Ms. Dillon did not. Ms. Bustle had no prior record. She accepted responsibility early. Judge Hogan placed her on probation with a special condition of 60 days of home confinement, $500.00 restitution, 40 hours of community service and a special assessment of $10.00.  *See United States v. Danielle Doyle,* 21-cr-00324(TNM) (sentenced to probation); *United States v. Valerie Ehrke,* 21-cr-00097(PLF) (sentenced to probation). Ms. Dillon has asked the Court to forego the period of home confinement in this case because she feels 100 hours of community service would demonstrate her remorse and would help others. If the Court does not believe that that requested sentence is appropriate, defendant submits that she should be treated no harsher than Ms. Bustle.

Simply put, Ms. Dillon came to Washington on January 6th to protest the results of the 2020 presidential election. She did not band with others to organize the rally or the movement of the protesters from the Ellipse to the U.S. Capitol. She did not carry weapons, protective gear, or radios. She got caught up in the moment and regrets it.

                                                    Respectfully submitted

                                            _____/s/_____
Thomas Abbenante #227934
888 17th Street NW Suite 1200
Washington, DC 20006
202-223-6539
tabbenante@aol.com